Joseph M. Lyon (CAL BAR # 351117)
Clint Watson (*pro hac* forthcoming)
THE LYON FIRM
9210 Irvine Center Drive
Suite 200
Irvine, CA 92618
Telephone: (513) 381-2333
Facsimile: (513) 766-9011
jlyon@thelyonfirm.com
cwatson@thelyonfirm.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.S., an individual; and A.S., an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>THE COOPER COMPANIES, INC., COOPERSURGICAL, INC., and DOES 1-50,<br><br>Defendants. | Case No.: 3:24-CV-1353-JST<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS**<br><br>Judge: Hon. Jon S. Tigar<br>Date: June 20, 2024<br>Time: 2:00 p.m.<br>Courtroom 6 – 2nd Floor |

## NOTICE OF MOTION AND PLAINTIFFS' MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYMS

**PLEASE TAKE NOTICE THAT** on June 20, 2024, at 2:00 pm, before the Honorable Jon S. Tigar of the United States District Court for the Northern District of California, Oakland Division, located in the Oakland Courthouse, Oakland Courthouse, Courtroom 6 – 2nd Floor, 1301 Clay Street, Oakland, CA 94612, Plaintiffs J.S. and A.S. will and hereby do move for entry of an order granting Plaintiffs leave to proceed under pseudonyms. A copy of Plaintiffs' [Proposed] Order Granting Plaintiffs Leave to Proceed Under Pseudonyms is submitted along with this

motion. An earlier version of this Motion was filed on March 20, 2024. (ECF No. 8). This motion is being refiled and re-noticed in accordance with the Court's Related Case Order on April 4, 2024 (ECF No. 15). Counsel for the parties conferred on April 10, 2024 and counsel for the Defendants expressed that this Motion is unopposed subject to an agreed protective order allowing Plaintiffs' names to be revealed confidentially to Defendants. Plaintiffs have no objection to such a protective order.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION AND ISSUES TO BE DECIDED

This case involves highly sensitive, personal, and private information about Plaintiffs and their reproductive efforts and fertility treatment. Plaintiffs filed the initial complaint pseudonymously, and now seek an order granting permission to proceed under pseudonyms to protect their legitimate privacy interests. Plaintiffs' need for anonymity outweighs any minimal prejudice to the public because the public's interest in the case can be satisfied without revealing Plaintiffs' names, and Defendants will suffer no prejudice because they will know the plaintiffs' identities. Courts routinely allow Plaintiffs to use pseudonyms to preserve privacy in cases involving the highly personal matter of reproductive treatment and rights, including the recent *In re Pacific Fertility Center Litigation* case in this District. *See e.g.*, 18-cv-01586-JSC, Dkt. 691 (N.D. Cal. Feb. 18, 2021) (allowing fertility patients claiming damage to frozen eggs and embryos to proceed under pseudonyms throughout all pretrial proceedings). Plaintiffs respectfully request that the Court do the same here.

## II.  BACKGROUND AND RELEVANT FACTS

Plaintiffs J.S. and A.S. are a married couple who sought fertility treatment at a fertility clinic in Florida, undergoing the invasive, expensive, and emotionally taxing process of In Vitro Fertilization ("IVF") in the hopes of having biological children. Compl. (Dkt. 1) ¶ 49. In IVF, fertilized eggs are placed in a specially created liquid called culture media, which is designed to replicate the conditions of a woman's body and support the healthy development of embryos. *Id.* ¶¶ 21-27. Ten of J.S.'s eggs were fertilized with A.S.'s sperm and began developing into embryos

1  through that process. *Id.* ¶ 51. Tragically, their clinic placed Plaintiffs' embryos in a defective
2  culture media product that was later recalled by Defendant CooperSurgical. *Id.* ¶ 55. The defective
3  culture media lacked key nutrients, like magnesium, to support embryonic development, and
4  instead of helping them grow, it arrested their development and destroyed all ten of Plaintiffs'
5  embryos. *Id.* ¶¶ 28-41, 42-44, 52-56.

6  Given the sensitive nature of their claims, Plaintiffs filed their complaint using initials to
7  protect their privacy. *Id.* PageID 2:25-28, fn. 1. Plaintiffs intend to make their identities known to
8  the Defendants once they appear in the case, following entry of a protective order, and only seek
9  the protection of anonymity in public filings in the case. The evidence in this case will include
10 details of J.S. and A.S.'s medical histories, personal lives, their efforts to conceive naturally, the
11 very invasive fertility treatments they underwent to produce their ten embryos, and the emotional
12 distress they endured following the destruction of those embryos. *See, e.g.*, Compl. ¶¶ 17-20
13 (describing the invasive procedures and emotional impact generally involved in IVF); ¶¶ 49-56
14 (describing J.S. and A.S.'s fertility treatment and loss).

15 **III.    ARGUMENT**

16 Although the public has a general right to access court proceedings, courts routinely allow
17 parties to proceed anonymously "when special circumstances justify secrecy." *Does I thru XXIII*
18 *v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing "many federal courts,
19 including the Ninth Circuit, [that] permitted parties to proceed anonymously"); *see also Doe v.*
20 *Lincoln Unified Sch. Dist.*, 188 Cal.App.4th 758, 766 (2010) (citing "countless" published
21 decisions featuring fictitious names in California courts, the Ninth Circuit, and the Supreme
22 Court).

23 As set out in *Advanced Textile*, "a party may preserve his or her anonymity in judicial
24 proceedings in special circumstances when the party's need for anonymity outweighs prejudice to
25 the opposing party and the public's interest in knowing the party's identity." 214 F.3d at 1068.
26 Where "the [plaintiff's] identity is known to the defendant, proceeding anonymously would not []
27 intrude on the defendant's rights," and only "the right of public access to court proceedings" is
28

weighed against the privacy rights or other overriding interest of the plaintiff. *Dep't of Fair Emp. & Hous. v. Superior Ct. of Santa Clara Cnty.*, 82 Cal. App. 5th 105, 110 (2022). Courts in the Ninth Circuit "have permitted plaintiffs to use pseudonyms in three situations," including "when identification creates a risk of retaliatory physical or mental harm," and "when anonymity is necessary to preserve privacy in a matter of [a] sensitive and highly personal nature."[1] *Advanced Textile*, 214 F.3d at 1068 (citations omitted). Courts "allow parties to use pseudonyms" when "necessary . . . to protect [them] from harassment, injury, ridicule or personal embarrassment." *Id*. at 1067-68.

Within those categories, "courts have often allowed parties to use pseudonyms when a case involves topics" relating to "human sexuality." *Jane Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015); *see also Lincoln Unified Sch. Dist.*, 188 Cal. App. 4th at 766 (collecting cases where anonymity was granted). *Advanced Textile* specifically cited a case where the "personal nature of pregnancy" justified allowing the plaintiff to proceed under a pseudonym. 214 F.3d at 1068 (citing *Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont. 1974) (permitting anonymity in abortion suit)). In addition, "[t]he Supreme Court has implicitly endorsed the use of pseudonyms to protect plaintiffs' privacy," in particular where the case involved human sexuality and reproductive treatment and rights. *Advanced Textile*, 214 F.3d at 1067 n.9 (citing *Roe v. Wade*, 410 U.S. 113 (1973) (abortion); *Doe v. Bolton*, 410 U.S. 179 (1973) (abortion); *Poe v. Ullman*, 367 U.S. 497 (1961) (birth control)).

Here, the significant privacy concerns of J.S. and A.S. fit precisely into the identified categories justifying anonymity, their privacy interests outweigh the public's minimal interest in knowing their identities, and the defendants' rights will not be impacted because they will know the identities of the plaintiffs. The private information at issue—Plaintiffs' reproductive efforts and fertility treatment—warrants protection because it is "sensitive and highly personal" information relating to human sexuality where the use of pseudonyms is "necessary . . . to protect [Plaintiffs]

---

[1] The third situation, "when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution,'" is not applicable here. *See Advanced Textile*, 214 F.3d at 1068 (citation omitted).

from harassment, injury, ridicule or personal embarrassment." *Advanced Textile*, 214 F.3d at 1067-68; *see also Johnson v. Superior Court*, 80 Cal.App.4th 1050, 1072 (2000) (sperm donor, known to the parties, was otherwise granted anonymity).

In contrast, although the public has a general interest in court proceedings, the public has very little interest in knowing the names of the Plaintiffs in this case. "[T]he court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities," especially where "[p]arty anonymity does not obstruct the public's view of the issues joined or the court's performance in resolving them." *Advanced Textile*, 214 F.3d at 1068-69 (quoting *Doe v. Stegall*, 653 F.2d 180, 185 (5th Cir.1981)). *Advanced Textile* held that "[t]he public's interest in this case can be satisfied without revealing the plaintiffs' identities." *Id*. at 1069. The same is true here, where all the facts of the case, the identities of the defendants, and any other information the public would need to evaluate the issues in the case or the court's performance will be in the public record. *See id*. at 1072 n.15 ("the question whether there is a constitutional right to abortion is of immense public interest, but the public did not suffer by not knowing the plaintiff's true name in *Roe v. Wade*."); *Doe v. Ayers*, 789 F.3d 944, 946 (9th Cir. 2015) (granting anonymity where it "did not significantly obstruct the public's view of issues joined or the court's performance in resolving them" because evidence was not sealed).

Given the legitimate concerns about their privacy due to the sensitive and highly personal nature of the fertility services at issue, the lack of any prejudice to defendants (who will be informed of Plaintiffs' identities), and that Plaintiffs' request minimizes the impact on the constitutional right of access by seeking to protect only their names, the strong need for anonymity outweighs the minimal prejudice to the public's interest. *See Advanced Textile*, 214 F.3d at 1068. A recent decision in *A.B. v. Pacific Fertility Center* is directly on point. 441 F. Supp. 3d 902 (N.D. Cal. 2020). In that case and in the related coordinated action, *In re Pacific Fertility Center Litigation*, hundreds of IVF patients brought negligence and products liability claims following the destruction of human eggs and embryos being stored at a fertility clinic. 441 F. Supp. 3d at 907. As in this case, the "Plaintiffs only request[ed] sealing of their identities," but not the number

of eggs or embryos they had lost or other information derived from their medical records. *Id*. The court granted plaintiffs request for anonymity in pretrial proceedings, noting it was a "narrowly tailored request." *Id*.; *see also In re Pac. Fertility Ctr. Litig.*, 18-cv-01586-JSC, Dkt. 691 (N.D. Cal. Feb. 18, 2021) (granting plaintiffs' motion to seal "Plaintiffs' names and identifying information" in summary judgement filings, because the request was "sufficiently narrow"). Similarly, there have been at least seven other cases filed in this district against CooperSurgical regarding its defective embryo culture media, and in all but one suit, the Plaintiffs filed their complaints using pseudonyms.[2]

Granting Plaintiffs anonymity is particularly justified at this early stage of the litigation. *Advanced Textile* recognized "that the balance between a party's need for anonymity and the interests weighing in favor of open judicial proceedings may change as the litigation progresses," though "[i]t may never be necessary[ ] to disclose the anonymous parties' identities to nonparties to the suit." 214 F.3d at 1069. Because the public's interest is highest at trial, the *Pacific Fertility Center* court revisited the question of anonymity at that late stage of the case, requiring Plaintiffs to use their real names at trial but holding that "the Court will seal the Courtroom (and transcript) when evidence is offered as . . . particularly private information." *In re Pac. Fertility Ctr. Litig.*, 18-cv-01586-JSC, Dkt. 777 at 7-8 (N.D. Cal. Apr. 4, 2021). The Court here should grant permission to use pseudonyms now, with the possibility of revisiting that decision if it became appropriate at a later stage in the litigation.

---

[2] *E.F. et al v. CooperSurgical, Inc. et al*, 4:24-cv-00643-KAW (N.D. Cal.); *Q.R. et al v. CooperSurgical, Inc. et al*, 3:24-cv-00689-LJC (N.D. Cal.); *I.J. et al v CooperSurgical, Inc. et al*, 3:24- cv-00693-SK (N.D. Cal.); *M.N. et al v CooperSurgical, Inc. et al*, 3:24-cv-00696-SK (N.D. Cal.); *Walden et al v. The Cooper Companies, Inc. et al*, 4:24-cv-00903-KAW (N.D. Cal.); *J.B. et al v. CooperSurgical, Inc. et al*, 3:24-cv-01085-LB (N.D. Cal.); *A.B., et al v. CooperSurgical, Inc. et* al, 4:24-cv-01061; *see also J.A. v. CooperSurgical, Inc*, 5:24-cv-00180-FJS-DJS (N.D.N.Y.).

## IV. CONCLUSION

Plaintiffs respectfully request an order granting permission to proceed using pseudonyms.

DATED: April 10, 2024                     Respectfully submitted,

/s/ Joseph M. Lyon
Joseph M. Lyon (CAL BAR # 351117)
Clint Watson (*pro hac* forthcoming)
THE LYON FIRM
9210 Irvine Center Drive
Suite 200
Irvine, CA 92618
Telephone: (513) 381-2333
Facsimile: (513) 766-9011
jlyon@thelyonfirm.com
cwatson@thelyonfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ Joseph M. Lyon

Joseph M. Lyon